UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HIN Y. LIM TUNG,

              Plaintiff,

   - against -

CONSOLIDATED EDISON OF NEW YORK;
NEW YORK PUBLIC SERVICE COMMISSION;
JOHN B. RHODES; JOHN AURICCHIO,

              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-5444 (RRM) (SJB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 25, 2019, Plaintiff Hin Y. Lim Tung ("Plaintiff"), appearing *pro se*, brought this action pursuant to 42 U.S.C. § 1983, against defendants Consolidated Edison of New York ("Con Ed"), New York Public Service Commission, Commission Chair John B. Rhodes, and John Auricchio (collectively, "Defendants"), alleging violations of his constitutional rights under the First and Fourteenth Amendments. (Compl. (Doc. No. 1).) Plaintiff paid the filing fee to commence this action and summonses were issued. Before the Court is Plaintiff's proposed order to show cause, filed on September 30, 2019, seeking an order enjoining defendant Con Ed "from cutting off electricity service from the street to the Plaintiff's house." (Order to Show Cause at 1.)

## BACKGROUND

Plaintiff alleges that on or around June 3, 2019, Defendants "acted in concert to turn off electricity service" to his house, located at 14-14 30th Road in Astoria. (Compl. at 1–2, 8.) Plaintiff had received bills indicating he owed tens of thousands of dollars to Con Ed, though he disputed that he owed the alleged debt. (*Id*. at 8.) He was forced to pay a portion of the debt before Con Ed turned his electricity back on, which he alleges was "tantamount to blackmail and

extortion, calculated to put undue pressure" on him, and "to bankrupt" him. (*Id*. at 2, 4.) Plaintiff contends that defendants acted in a retaliatory fashion because he filed a civil suit and made "several complaints" against Con Ed to the New York Public Service Commission concerning overcharges and Con Ed's refusal to provide him with a true accounting of electricity used. (*Id*. at 2.) He alleges that Con Ed violated his constitutional rights by turning off his electricity "without any warning and without any meaningful Hearing." (*Id*. at 7–8.) He asserts that Defendants have violated his right to due process of law under the Fourteenth Amendment, and that Con Ed has violated his right to be free from retaliation under the First Amendment. (*Id*. at 4–5.) Plaintiff seeks (1) damages of at least $100,000 from each defendant, and (2) injunctive relief enjoining Con Ed from cutting off his service without due process and ordering the New York Public Service Commission, Rhodes, and Auricchio to institute a hearing. (*Id*. at 4, 15, 17.)

In his proposed order to show cause and supporting affidavit, Plaintiff alleges that Con Ed "has previously cut off electricity service" to his house "from the street without affording [him] Due Process . . . and is threatening to cut off electricity service . . . again which could occur at any time now, without" due process of law. (Order to Show Cause at 1–2.) He states that approximately $19,000 remains in dispute, (Aff. at ¶ 14), and that Con Ed "continues to harass" him "with threatening letters." (Compl. at 2.) Plaintiff states that under "normal circumstances," Con Ed must "seek a Court Order in the Civil Court of the City of New York before it would interrupt electricity service to an end user," and that Con Ed is "bypassing" this procedure. (Aff. at ¶ 10.) In the absence of injunctive relief, Plaintiff alleges that he and his family will suffer irreparable harm as electricity is "a basic necessity," impacting his ability to cook, clean, store food, and facilitate his children's education. (*Id*. at ¶ 5.) Plaintiff argues that

granting injunctive relief is in the public interest, urging the Court to "send a strong signal" that Con Ed must provide a hearing over disputed billing. (Order to Show Cause at 2.)

Plaintiff alleges that he "personally" served "a Notice" to Lynn S. Okin, with respect to the order to show cause. (Aff. at ¶ 4.) However, he also attaches a Notice of Order to Show Cause, which reads in capital letters: "NOTICE SERVED TO CONSOLIDATED EDISON OF NEW YORK." (Order to Show Cause at 14.)

For the reasons set forth below, the Court denies Plaintiff's motion seeking an order to show cause for a temporary restraining order and preliminary injunction.

## DISCUSSION

"As the Supreme Court has made clear," documents filed by *pro se* litigants must be "held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted) (citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This is especially true when a plaintiff alleges that his civil rights have been violated. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (citation omitted). The Court therefore reads Plaintiff's submissions liberally and interprets them "to raise the strongest arguments" they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (citation omitted).

District courts exercise broad discretion in determining whether to grant a preliminary injunction. *See Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005). A motion for a temporary restraining order ("TRO") or a preliminary injunction seeks "an extraordinary and drastic remedy" which should not be routinely granted. *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 530 U.S. 968, 972 (1997)). The standard for the entry of a TRO is "essentially the same" as for a preliminary injunction.

*Free Country Ltd. v. Drennen*, 325 F. Supp. 559, 565 (S.D.N.Y. 2016) (citation omitted) (noting that the standard is the same, but that a TRO is frequently granted *ex parte*, has a "limited lifespan," and "typically occurs before there has been extensive discovery"). A movant seeking a preliminary injunction or a TRO must demonstrate: "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citing *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)); *see also Residents & Families United to Save Our Adult Homes v. Zucker*, No. 16-CV-1683 (NGG) (RER), 2017 WL 3446805, at *1 (E.D.N.Y. Aug. 10, 2017). Plaintiffs are required to "carry the burden of persuasion by a clear showing for each factor." *Abbott Labs. v. Adelphia Supply USA*, No. 15-CV-5826 (CBA), 2015 WL 10906060, at *5 (E.D.N.Y. Nov. 6, 2015) (citation omitted), *aff'd sub nom. Abbott Labs. v. H&H Wholesale Servs., Inc.*, 670 F. App'x 6 (2d Cir. 2016).

Irreparable harm is "the linchpin" of a court's determination of whether a preliminary injunction is appropriate. *Buckingham Corp. v. Karp*, 762 F.2d 257, 262 (2d Cir. 1985) (citation omitted). Courts have repeatedly held that it is "the single most important prerequisite," and the movant "must first demonstrate that such injury is likely before the other requirements will be considered." *T-Mobile Ne. LLC v. Water Auth. of W. Nassau Cty.*, 249 F. Supp. 3d 680, 683 (E.D.N.Y. 2017) (internal quotation marks omitted) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66–67 (2d Cir. 2007)). To satisfy the irreparable harm requirement, a plaintiff must demonstrate that absent a preliminary injunction, he will suffer an injury that is "neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a

court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd.*, 481 F.3d at 66 (internal quotation marks omitted) (citation omitted); *see also Solomon Agency Corp. v. Choi*, No. 16-CV-0353 (LDH) (RML), 2016 WL 3257006, at *3 (E.D.N.Y. May 16, 2016). The possibility of harm does not suffice; rather, plaintiffs must show that they are "likely" to suffer irreparable harm if the court denies equitable relief. *Grand River Enter. Six Nations, Ltd.*, 481 F.3d at 66; *see also Kraft Foods Glob., Inc. v. Starbucks Corp.*, 411 F. App'x 428, 429 (2d Cir. 2011).

Further, Federal Rule of Civil Procedure 65 mandates that a party seeking a preliminary injunction or TRO provide "notice to the adverse party." FED. R. CIV. P. 65(1). A court may only issue a TRO *ex parte*, without notice to an adverse party, in limited circumstances. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 127 (E.D.N.Y. 2004) (citing, *inter alia*, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 439 (1974)). In order to issue a TRO *ex parte*: (1) a court must find that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the movant's attorney must generally certify "in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1). Any order issued without notice to the adverse party must "state why the Order was issued without notice." *Id.* at (b)(2); *see also Lagemann v. Spence*, No. 18-CV-12218 (GBD), 2019 WL 4014846, at *1 (S.D.N.Y. Jan. 24, 2019). Courts have characterized an *ex parte* TRO as "an emergency procedure," appropriate only where "irreparable injury will be caused absent prompt judicial intervention in circumstances where the adversary cannot be contacted, or where advance contact with the adversary would itself be likely to trigger

irreparable injury." *Little Tor Auto Ctr. v. Exxon Co., USA*, 822 F. Supp. 141, 143 (S.D.N.Y. 1993) (citing examples including "discovery of contraband which may be destroyed as soon as notice is given").

Here, Plaintiff has not made the requisite showing to warrant the extraordinary remedy of preliminary injunctive relief or a TRO. Although he discusses a past incident in which Con Ed turned off his electricity without notice and his fear that a similar event *may* occur in the future, he does not allege that the company has terminated his electricity, nor has he alleged facts indicating that he faces imminent harm. The Court notes that Plaintiff attaches to the complaint several notices from Con Ed, which indicate that this billing dispute has been ongoing for over one year and that Plaintiff has been receiving "Final Turn-Off Notices" since at least June 2018. (*See* Ex. A to Compl.) The most recent notice, dated August 12, 2019, and labeled "Service Turn-Off Notice," states that Con Ed is amenable to arranging a payment plan for Plaintiff, and provides a phone number he may call for assistance. (Ex. H to Compl.) The turn-off notice was sent over one month ago, and Plaintiff does not allege that his service has been turned off. Plaintiff simply has not demonstrated an injury entitling him to immediate judicial intervention at this time.

Moreover, the Court takes judicial notice of the complaint Plaintiff filed in a related case, in which he represented that the property at issue here, 14-14 30th Road, was scheduled to be sold on September 27, 2019.[1] *See Lim Tung v. Deutsche Bank Tr. Co., et al.*, 19-CV-5445 (RRM) (SJB) (E.D.N.Y. Sept 25, 2019). If the property has in fact been sold pursuant to a state court

---

[1] Under the Federal Rules of Evidence, courts may take judicial notice of facts "not subject to reasonable dispute." FED. R. EVID. 201(b). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." *Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (internal quotation marks omitted) (citation omitted). However, judicial notice of court filings is taken for the limited purpose of establishing "the fact of such litigation and related filings," not for "the truths of the matters asserted . . . ." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citation omitted); *see also Glob. Network Commc'ns Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

judgment of foreclosure – as Plaintiff represented – and if Plaintiff is no longer a lawful occupant of the property, he cannot establish irreparable harm concerning any injury he may suffer by losing electricity on that property. The Court notes that Plaintiff's address on the docket is not the property at issue.

Further, it is not clear that Plaintiff provided the requisite notice to Con Ed. Plaintiff's affidavit only states that he gave notice to "the Defendant, Lynn S. Okin" – who is not named as a defendant in this action, but is a defendant in the related case of *Lim Tung v. Deutsche Bank Trust Company* – not Con Ed. (Aff. at ¶ 4.) *See McDonald v. Escape the Room Experience, LLC*, No. 15-CV-7101 (RA) (KNF), 2016 WL 6561413, at *2 (S.D.N.Y. Oct. 21, 2016) (finding order to show cause was deficient, in part, because plaintiff did "not mention Rule 65(b)(1)" nor did she show "immediacy of irreparable harm"); *see also Martinez v. Pomodor*, No. 12-CV-6262 (RRM) (RER), 2012 WL 6698733, at *3 (E.D.N.Y. Dec. 26, 2012) ("Plaintiff did not provide reasons why notice should not be required, as is necessary under Rule 65."). In the absence of specific facts in an affidavit or a verified complaint clearly showing that irreparable injury will result before Con Ed may be heard, and without a certification of efforts to notify the named defendants and the reasons why notice should not be required, the Court cannot grant Plaintiff an *ex parte* remedy without affording Con Ed the opportunity to respond in opposition. *See* FED. R. CIV. P. 65(b)(1). The facts alleged do not clearly show immediate harm that requires judicial action prior to notice. Thus, the Court denies Plaintiff's request on this additional basis.

## CONCLUSION

Accordingly, Plaintiff's motion seeking an order to show cause for a temporary restraining order and preliminary injunction is denied. The Clerk of Court is respectfully

7

directed to mail a copy of this Order to the *pro se* plaintiff, and to file a declaration of service on the docket.

SO ORDERED.

Dated: Brooklyn, New York
Oct 1, 2019

s/Kiyo A. Matsumoto for

*Kiyo A. Matsumoto for*
ROSLYNN R. MAUSKOPF
United States District Judge