```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HIN Y. LIM TUNG,

                        Plaintiff,
                                                                        **ORDER**
        - against -                                                     19-CV-5444 (RRM) (SJB)

CONSOLIDATED EDISON OF NEW YORK;
NEW YORK PUBLIC SERVICE COMMISSION;
JOHN B. RHODES; JOHN AURICCHIO,

                        Defendants.
-------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

On September 25, 2019, Plaintiff Hin Y. Lim Tung ("Plaintiff"), appearing *pro se*, brought this action pursuant to 42 U.S.C. § 1983, against defendants Consolidated Edison of New York ("Con Ed"), New York Public Service Commission, Commission Chair John B. Rhodes, and John Auricchio (collectively, "Defendants"), alleging violations of his constitutional rights under the First and Fourteenth Amendments. (Compl. (Doc. No. 1)). Plaintiff paid the filing fee to commence this action and summonses were issued. On September 30, 2019, Plaintiff filed a proposed order to show cause seeking to enjoin defendant Con Ed "from cutting off electricity service from the street to the Plaintiff's house." (Order to Show Cause at 1 (Doc. No. 4)). On October 1, 2019, the Honorable Kiyo A. Matsumoto, acting as the Miscellaneous Judge on behalf of the undersigned, denied Plaintiff's motion, finding that Plaintiff failed to make the requisite showing to warrant the extraordinary remedy of preliminary injunctive relief or a TRO.[1] (Doc. No. 5).

---

[1] Familiarity with the facts of this case and the detailed analysis in Judge Matsumoto's October 1, 2019 Order are assumed for the purpose of this Order.

Plaintiff has now filed a second proposed order to show cause, submitted on October 2, 2019, again seeking an order enjoining defendant Con Ed "from cutting off electricity service from the street to the Plaintiff's house without a meaningful Hearing and Adjudication by the New York Public Service Commission." (Order to Show Cause at 2) (Doc. No. 6)). Plaintiff's renewed application fares no better than his first.

Plaintiff continues to allege that Con Ed "has previously cut off electricity service," but has included no new information to suggest that the company has terminated his electricity, no has he alleged facts indicating that such action is imminent. As noted in the Court's Order of October 1, plaintiff has been receiving turn-off notices since June 2018 due to non-payment of a significant debt owed, with the most recent filed on August 12. (Ex. H to Compl.) Yet, no action to terminate service has been taken, nor has plaintiff proffered any facts to suggest that he faces immediate or irreparable harm. Moreover, as Judge Matsumoto noted, the turn-off notice indicates that plaintiff may arrange for a payment plan, and provides a number to call to so do. Plaintiff has not proffered any reason why extraordinary relief is warranted, given the availability of another option that could forestall termination of service.

Plaintiff does provide two clarifications to his earlier application. First, he now indicates that he did, in fact, serve Con Ed, having erred previously in stating he served an individual named "Lynn S. Okin." Second, he states that he is, as of now, the record owner of the subject property as state foreclosure litigation is still ongoing. However, these clarifications are of no moment as plaintiff has still failed to demonstrate irreparable harm as noted above.

For these reasons, plaintiff's renewed motion to enjoin Con Ed from terminating his electricity service is denied.

The action is referred to Magistrate Judge Sanket J. Bulsara for pretrial supervision. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
October 2, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge