UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HIN LIMTUNG,

                Plaintiff,                            **MEMORANDUM AND ORDER**

        v.                                       19-CV-5444 (RPK) (SJB)

CONSOLIDATED EDISON OF NEW YORK,
NEW YORK PUBLIC SERVICE COMMISSION
JOHN B. RHODES, and JOHN AURICCHIO,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        *Pro se* plaintiff Hin Limtung brings this civil rights action under 42 U.S.C. § 1983 against defendant Consolidated Edison Company of New York ("Con Edison") and several other defendants. The complaint alleges that Con Edison violated plaintiff's due process and First Amendment rights by: (i) turning off plaintiff's power without a meaningful hearing, (ii) refusing to restore his power until he paid half of his electricity bill, (iii) declining to provide a true accounting of his electricity bill, (iv) and retaliating against him for filing a complaint with the New York Public Service Commission. Compl. 3. Con Edison has now moved to dismiss all claims against it. *See* Mem. of Law in Supp. of Con Edison's Mot. to Dismiss (Dkt. #16). For the reasons that follow, Con Edison's motion is granted.

## DISCUSSION

        In evaluating a motion to dismiss under Rule 12(b)(6), a court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (quoting *Famous Horse v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)). To avoid dismissal, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level . . . on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The complaint, in other words, must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. While the plausibility standard "is not akin to a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, a *pro se* complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted).

To state a claim under Section 1983 against a nominally private entity such as Con Edison, a plaintiff must allege facts showing "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264 (2d Cir. 2014) (internal quotation marks omitted). Higher courts have required that "close nexus" in lawsuits against private utilities. For example, the Supreme Court held in *Jackson v. Metropolitan Edison Company* that privately owned utilities are not state actors for purposes of Section 1983 simply because they are heavily regulated and enjoy certain monopoly privileges. 419 U.S. 345, 350-51, 358 (1974). Likewise, the Second Circuit held in another case against Con Edison that the company's failure to provide a hearing before terminating a customer's service did not constitute state action despite "extensive" intervention by New York State in the area of utility termination. *Taylor v. Consolidated Edison Co. of New York, Inc.*, 552 F.2d 39, 44-45 (2d Cir.), *cert. denied*, 434 U.S. 845 (1977).

Here, plaintiff has failed to allege a close nexus between the State and Con Edison. The complaint alleges that Con Edison acted under color of state law because it "has a quasi public function and is licensed to and does act as an agent of the State of New York." Compl. ¶ 3. But this legal theory has been explicitly rejected by the Supreme Court and the Second Circuit. *See, e.g.*, *Jackson*, 419 U.S. at 350-51, 358; *Taylor*, 552 F.2d at 44-45. And plaintiff does not otherwise allege facts suggesting that Con Edison's behavior "may be fairly treated as that of the State itself." *Grogan*, 768 F.3d at 264 (internal quotation marks omitted). Accordingly, plaintiff has not met his burden at the pleading stage.

## CONCLUSION

Con Edison is dismissed as a defendant without prejudice. Plaintiff has 90 days to file a revised complaint. The new complaint must be captioned "First Amended Complaint" and bear the same docket number as this Order. The complaint must, at a minimum, rectify the pleading deficiencies identified in this Order. All further proceedings are stayed for 90 days. If plaintiff does not file an amended complaint within 90 days, judgment shall be entered dismissing the case against Con Edison. The Clerk of Court is respectfully directed to mail copies of this order and the docket to plaintiff.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: April 5, 2021
      Brooklyn, New York