UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HIN Y. LIMTUNG,

                Plaintiff,                        **MEMORANDUM AND ORDER**

      v.                                      19-CV-5444 (RPK) (SJB)

CONSOLIDATED EDISON OF NEW YORK,
NEW YORK PUBLIC SERVICE COMMISSION,
JOHN B. RHODES, and JOHN AURICCHIO,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Hin Limtung brings this action under 42 U.S.C. § 1983 and New York law against defendant Consolidated Edison Company of New York ("Con Edison") and several other defendants. Plaintiff's original complaint alleged that Con Edison violated his due process and First Amendment rights by: (i) turning off plaintiff's power without a meaningful hearing, (ii) refusing to restore his power until he paid half of his electricity bill, (iii) declining to provide a true accounting of his electricity bill, and (iv) retaliating against him for filing a complaint with the New York Public Service Commission. Compl. at 3 (Dkt. #1). Con Edison moved to dismiss all claims against it. The Court granted Con Edison's motion and gave plaintiff ninety days to file an amended complaint. *See* Order Granting Mot. to Dismiss (Dkt. #22). Plaintiff filed a timely amended complaint that includes similar Section 1983 claims against Con Edison and a new claim that Con Edison committed fraud. *See* Am. Compl. ¶¶ 27-33 (Dkt. #23). On July 9, 2021, the Court warned plaintiff that the amended complaint did not appear to correct the pleading deficiencies with respect to the Section 1983 claims and afforded plaintiff a chance to reply. The Court reissued that order on September 7, 2021 and reset the deadline for plaintiff's

1

response. Plaintiff did not respond. Because the amended complaint fails to state a Section 1983 claim against Con Edison, the Court *sua sponte* dismisses those claims with prejudice.

## DISCUSSION

In deciding whether a complaint states a claim under Federal Rule of Civil Procedure 12(b)(6), a court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (quoting *Famous Horse v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). To avoid dismissal, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The complaint, in other words, must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. While the plausibility standard "is not akin to a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, a *pro se* complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).

To state a claim under Section 1983 against a nominally private entity such as Con Edison, a plaintiff must allege facts showing "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264 (2d Cir.

2

2014) (internal quotation marks and citation omitted). Higher courts have required that "close nexus" in lawsuits against private utilities. For example, the Supreme Court held in *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350-51 (1974), that privately owned utilities are not state actors for purposes of Section 1983 simply because they are heavily regulated and enjoy certain monopoly privileges. Likewise, the Second Circuit held in another case against Con Edison that the company's failure to provide a hearing before terminating a customer's service did not constitute state action despite "extensive[]" intervention by New York State in the area of utility termination. *Taylor v. Consolidated Edison Co. of N.Y., Inc.*, 552 F.2d 39, 44-46 (2d Cir.), *cert. denied*, 434 U.S. 845 (1977).

      Here, plaintiff has failed to allege a close nexus between the State and Con Edison. In similar fashion to the original complaint, the amended complaint alleges that Con Edison acted under color of state law because it "is licensed to conduct business and does act as an agent of the State of New York." Am. Compl. ¶ 3. But plaintiff does not allege facts suggesting that Con Edison's behavior "may be fairly treated as that of the State itself." *Grogan*, 768 F.3d at 264 (citation omitted). Instead, plaintiff asserts that Con Edison engaged in a conspiracy with the state. *See* Am. Compl. ¶¶ 1, 24, 28, 30. However, plaintiff provides no factual basis for that allegation. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. Accordingly, plaintiff has not met his burden at the pleading stage on his Section 1983 claims against Con Edison.

      A district court "has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted, [but] it may not properly do so without giving plaintiff an opportunity to be heard." *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991); *see Humpherys v.*

*Nager*, 962 F. Supp. 347, 353 (E.D.N.Y. 1997). The Court gave plaintiff notice of the amended complaint's deficient pleading of the Section 1983 claims and a chance to respond. *See* Order dated July 9, 2021; Order dated Sept. 7, 2021. For the reasons stated above, plaintiff has failed to state a Section 1983 claim against Con Edison, and those claims are dismissed.

## CONCLUSION

Plaintiff's Section 1983 claims against Con Edison are dismissed with prejudice. "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). But "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court gave plaintiff an opportunity to allege facts that would state a Section 1983 claim against Con Edison, and plaintiff merely added a conclusory allegation that Con Edison conspired with the state. Further "amendment would be futile," *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003), and so I deny leave to amend. For now, plaintiff's fraud claim against Con Edison may proceed.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: October 20, 2021
      Brooklyn, New York