UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
HIN Y. LIMTUNG,

                Plaintiff,                          **MEMORANDUM AND ORDER**

              v.                                      19-CV-5444 (RPK) (SJB)

CONSOLIDATED EDISON OF NEW YORK,
NEW YORK PUBLIC SERVICE
COMMISSION, JOHN B. RHODES,
and JOHN AURICCHIO,

                Defendants.
---------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Hin Limtung brought suit under 42 U.S.C. § 1983 and New York law against Consolidated Edison Company of New York ("Con Edison"), the New York Public Service Commission ("NYPSC"), and two NYPSC employees, John B. Rhodes and John Auricchio. For the reasons stated below, the claims against NYPSC, Rhodes, and Auricchio are dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

## BACKGROUND

    Plaintiff filed this lawsuit on September 25, 2019. On January 6, 2020, plaintiff filed an affidavit of service purporting to show that Pierre Limtung served each of the defendants by mail. *See* Aff. of Service (Dkt. #11).

    On July 2, 2020, Magistrate Judge Bulsara issued an order directing plaintiff to re-serve defendants NYPSC, Rhodes, and Auricchio because the affidavit of service was inadequate. *See* July 2, 2020 Order (Dkt. #12). While the affidavit stated that those defendants had been served through mailings to NYPSC, Judge Bulsara explained that the mailings described in the affidavits were not adequate under Federal Rule of Civil Procedure 4 or the New York Civil Practice Law &

1

Rules. Judge Bulsara directed plaintiff to accomplish service on those defendants, and to file proof of service on the docket, by August 3, 2020.

In connection with other filings in 2021, plaintiff filed three additional service affidavits—but none that suggested that plaintiff had validly served both the summons and the complaint. Aff. of Service (Dkt. #18-1); Aff. of Service (Dkt. #19-1); Aff. of Service (Dkt. #20-1). In January 2021, plaintiff filed affidavits of service signed by himself indicating that he served "a letter of request for leave [to] submit an affirmation in opposition to . . . [the] motion to dismiss . . . by first class . . . mail" to the 3 Empire State Service address. Aff. of Service (Dkt. #19-1); *see* Aff. of Service (Dkt. #18-1) (similar). In February 2021, plaintiff filed an affidavit of service stating that he "served a true copy of a letter of request to reconsider and to issue [certain] orders," *see* Aff. of Service (Dkt. #20-1). And on July 9, 2021, plaintiff filed an affidavit of service signed by himself, pertaining to the complaint—but not any summons—stating that plaintiff "served . . . [the] first amended complaint by first class . . . mail" addressed to NYPSC, Rhodes, and Auricchio at the 3 Empire State Service address. *See* Aff. of Service (Dkt. #23-2).

On April 2, 2022, this Court noted that plaintiff did not appear to have complied with Judge Bulsara's order regarding service of process. April 2, 2022 Order. Out of an abundance of caution, the Court mailed another copy of the July 2 order to plaintiff. The Court directed plaintiff to serve NYPSC, Rhodes, and Auricchio in compliance with Judge Bulsara's order by May 31, 2022. The Court warned plaintiff that failure to do so—or to show good cause for an extension of time—would likely lead to the dismissal of plaintiff's claims against those defendants under Federal Rule of Civil Procedure 4(m).

**DISCUSSION**

Because plaintiff has not properly served NYPSC, Rhodes, or Auricchio, and an extension of time to effect service is not warranted, this case is dismissed without prejudice as to those defendants.

**I.      Plaintiff Has Not Properly Served Rhodes or Auricchio**

Plaintiff does not specify whether he sues Rhodes and Auricchio in their personal capacities, official capacities, or both, but he has failed to effect service under either set of standards. There are different requirements for serving process on a person sued in his personal and official capacities. "A suit against an individual in his personal capacity is not a suit against the governmental entity," whereas "[a] claim asserted against an individual in his official capacity . . . is in effect a claim against the governmental entity itself." *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (citation omitted). Federal Rule of Civil Procedure 4(j)(2), which governs service of process on a state agency or local government, specifies how process must be served on persons sued in their official capacity. *See Rutherford v. Fla. Union Sch. Dist.*, No. 16-CV-9778 (KMK), 2018 WL 11249126, at *3 (S.D.N.Y. Oct. 24, 2018); *Sun v. Cuomo*, No. 19-CV-497 (MAD) (DJS), 2019 WL 5307359, at *2 n.1 (N.D.N.Y. Oct. 21, 2019); *Stoianoff v. Comm'r of Motor Vehicles*, No. 99-7363, 2000 WL 287720, at *1 (2d Cir. 2000) (summary order). Federal Rule of Civil Procedure 4(e) provides the service requirements for claims against individuals sued in their personal capacity. *Sun*, 2019 WL 5307359, at *2; *Stoianoff*, 2000 WL 287720, at *2.

Plaintiff has not demonstrated that he properly served Rhodes or Auricchio in their official capacities. Under Federal Rule of Civil Procedure 4(j)(2), a state agency "must be served by . . . (A) delivering a copy of the summons and of the complaint to its chief executive officer" or "(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). New York law provides that personal service

on a state officer "sued solely in an official capacity . . . shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail . . . to such officer or to the chief executive officer of such agency, and by personal service upon the state" by delivering the summons to an assistant attorney general at an office of the Attorney General or to the Attorney General within the state. N.Y. C.P.L.R. § 307(2); *id.* § 307(1). In addition, personal service on a board or commission having a presiding officer may be made by delivering the summons to such officer, and personal service on any other commission shall be made by delivering the summons to any one of its members. *Id.* § 312. Under New York law, as an alternative to personal service, papers may be served "by first class mail, postage prepaid," of the papers "together with two copies of a statement of service by mail and acknowledgement of receipt" in a specific form, "with a return envelope, postage prepaid, addressed to the sender." *Id.* § 312-a(a).

      Plaintiff's initial attempt to serve Rhodes and Auricchio does not meet those requirements. The affidavit of Pierre Limtung states that "on December 20, 2019," the affiant "served a true copy of a summons and complaint together with a copy of notice of lawsuit and request to waive service of summons, and a copy of waiver of the service of summons and a stamped envelope to" NYPSC, John B. Rhodes, and John Auricchio at the same address, "3 Empire State Service[,] Albany, NY 12223." Aff. of Service 5 (ECF pagination) (capitalization altered). The affidavit does not state that the process server delivered the summons and complaint to the chief executive officer of NYPSC, *see* Fed. R. Civ. P. 4(j)(2)(A), or to the state officers or a person designated by the chief executive officer of NYPSC to receive service, *see* N.Y. C.P.L.R. § 307(1). Nor does it assert that the process server sent the complaint and summons by "certified mail" and delivered those papers

4

to an assistant attorney general or the Attorney General of New York. *Id.* § 307(2). And to the extent that Rhodes and Auricchio were qualified under New York law to receive service for the NYPSC, *see id.* § 312, the affidavit does not say that the papers were personally delivered to Rhodes or Auricchio or that they were mailed first class with the appropriate forms, *see ibid.*; *id.* § 312-a(a).

Plaintiff's July 2021 attestation of service concerning the amended complaint is also deficient. Plaintiff did not attest to serving a summons, *see* Aff. of Service (Dkt. #23-2), even though the summons must be served "with a copy of the complaint," Fed. R. Civ. P. 4(c)(1). *See Bloom v. Democratic Nat'l Comm.*, No. 01-CV-11598 (RWS), 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002) ("Because no summons was served . . . [plaintiff's] attempted service of process was fatally defective."); *Trs. of the United Plant & Prod. Workers Local 175 Benefits Fund v. Mana Constr. Grp., Ltd.*, No. 18-CV-4269 (JS) (ARL), 2021 WL 4150803, at *3 (E.D.N.Y. July 30, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 4147421 (E.D.N.Y. Sept. 13, 2021); *Boahen v. Trifiletti*, No. 18-CV-171 (VLB), 2019 WL 688412, at *5 (D. Conn. Feb. 19, 2019). Even setting aside the failure to serve the summons, plaintiff's affidavit of service of the amended complaint on NYPSC, Rhodes, and Auricchio is deficient for essentially the same reasons as the earlier affidavit. While plaintiff attests that he sent the complaint through first-class mail, he does not aver that the mailing included the required forms or return envelope. N.Y. C.P.L.R. 312-a(a).

Nor has plaintiff shown that he properly served Rhodes or Auricchio in their personal capacities. Federal Rule of Civil Procedure 4(e) provides that an individual may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and

5

discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). As discussed above, plaintiff has not established that he delivered a copy of the summons and the complaint to Rhodes or Auricchio, left a copy of each at their dwellings, or delivered each to an authorized agent. *See ibid.*; *see, e.g., Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012). Plaintiff has therefore failed to show that he served Rhodes or Auricchio as provided by Federal Rule of Civil Procedure 4(e)(2).

Moreover, plaintiff has not availed himself of the alternative methods of service on individuals in their personal capacity permitted under New York law. *See* Fed. R. Civ. P. 4(e)(1) (authorizing service in any manner allowed by state law). In addition to personal service, New York law allows service on an individual by a combination of delivery to the individual's place of business and mail. *See* N.Y. C.P.L.R. § 308(2). Compliance requires delivery of the summons and complaint "to a person of suitable age and discretion at the [defendant's] actual place of business" but requires that they also be mailed to the recipient's "last known residence" or "actual place of business." *Ibid.* If the documents are sent to the person's business, they must be mailed "by first class mail . . . in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof . . . that the communication is from an attorney or concerns an action against the person to be served." *Ibid.* Plaintiff has not demonstrated compliance with this provision, because neither the process server's affidavit nor plaintiff's affidavit pertaining to the amended complaint states that the summons and complaint were delivered to the place of business of Rhodes or Auricchio, or that these documents were mailed in a properly marked envelope. *See ibid.* Plaintiff has therefore failed to show that he effected service on Rhodes or Auricchio under Section 308(2). *See Valle v. GDT Enters., Inc.*, No. 19-CV-797 (SJF) (AKT), 2020 WL 435295,

6

at *2-4 (E.D.N.Y. Jan. 28, 2020); *Assets Recovery 23, LLC v. Gasper*, No. 15-CV-5049 (RJD) (CLP), 2018 WL 5849763, at *6-10 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted*, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018); *Stair v. Calhoun*, No. 12-CV-6121 (SJF) (SIL), 2015 WL 1476454, at *7-8 (E.D.N.Y. Mar. 31, 2015), *appeal dismissed*, 2017 WL 5197132 (2d Cir. 2017).

## II.  Plaintiff Has Not Properly Served NYPSC

Plaintiff has also failed to show proper service of the summons and complaint on NYPSC. As explained above, plaintiff has not attested to delivering a copy of the summons and complaint to the chief executive officer of NYPSC, as is required to establish service under Federal Rule of Civil Procedure 4(j)(2)(A).  *See* Fed. R. Civ. P. 4(j)(2)(A).  Nor has plaintiff attested delivery of the summons and complaint to a person designated to receive service, an assistant attorney general, the New York Attorney General, or a member of NYPSC authorized to receive service for NYPSC, or effected proper alternative service under state law.  *See* N.Y. C.P.L.R. §§ 307(1)-(2), 312, 312-a(a).  Plaintiff has therefore failed to properly serve NYPSC.

## III.  An Extension of Time Is Not Warranted

I decline to extend plaintiff's time to serve these three defendants.

### 1.  Good Cause

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  But if a plaintiff shows "good cause for the failure," then "the court must extend the time for service for an appropriate period." *Ibid.* "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597

7

(E.D.N.Y. 2013) (quotations and citation omitted). In determining whether good cause exists, courts consider "(1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay." *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018), *aff'd,* 768 F. App'x 60 (2d Cir. 2019).

Plaintiff has not shown good cause for his delay here. Plaintiff has been on notice of his failure to serve NYPSC, Rhodes, and Auricchio since at least July 2, 2020, when Magistrate Judge Bulsara warned plaintiff that those defendants did not appear to have been served. *See* July 2, 2020 Order. On that date, the Court ordered plaintiff to "re-serve" those defendants and file proof of service by August 3, 2020. *Ibid.* Instead, plaintiff filed an insufficient affidavit of service along with his amended complaint. *See* Aff. of Service (Dkt. #23-2). The Court warned plaintiff on April 2, 2022, that plaintiff did not appear to have filed adequate proof of service by Judge Bulsara's deadline. *See* Apr. 2, 2022 Order. The Court also ordered plaintiff to serve defendants by May 31, 2022 and warned plaintiff that failure to effect proper service by that date would "likely result in dismissal of the claims against those defendants under Federal Rule of Civil Procedure 4(m), unless plaintiff shows good cause for an extension of time to serve them." *Ibid.*; *see Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) (noting that Rule 4(m) requires notice to plaintiff before *sua sponte* dismissal of an action for failure to timely serve defendants). But plaintiff has made no additional attempt to establish service and has offered no explanation for why he has not done so. *See Obot v. Citibank S.D., N.A.*, No. 04-CV-784A (RJA), 2006 WL 6905256, at *3 (W.D.N.Y. Oct. 17, 2006) ("As part of the determination of good cause for delay in service, courts have looked at the length of time it has taken to effect proper service after receipt of notice of a possible defect."), *aff'd*, 347 F. App'x 658 (2d Cir. 2009). And plaintiff's *pro se* status "is no excuse for failure to serve the defendant properly and does not automatically amount to good

8

cause." *Jordan*, 928 F. Supp. 2d at 598 (citation omitted); *see Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 403 (S.D.N.Y. 2020); *see also Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."). Accordingly, plaintiff has not established good cause for his failure to properly serve these defendants.

### 2. Discretionary Exception

"[A] district court may grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis omitted); *see Counter Terrorist Grp. U.S. v. N.Y. Mag.*, 374 F. App'x 233, 234-35 (2d Cir. 2010) (summary order). To benefit from a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. At that point, "courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (quotations omitted).

Here, I decline to exercise my discretion to grant an extension without good cause. Plaintiff has not offered a colorable excuse for his neglect. *Cf. Zapata*, 502 F.3d at 199 (affirming denial of extension of time to serve where plaintiff "neglected to ask for an extension within a reasonable period of time, and ha[d] advanced no cognizable excuse for the delay"). Further, plaintiff never effected proper service on the defendants or asked for an extension of time to do so. *Cf. Carl v. City of Yonkers*, No. 04-CV-7031 (SCR), 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008) (declining to extend time to serve in part because plaintiff's *pro se* attempt was unsuccessful and he failed to seek any extension of time), *aff'd*, 348 F. App'x 599 (2d Cir. 2009); *Bogle-Assegai v.*

9

*Connecticut*, 470 F.3d 498, 508-09 (2d Cir. 2006); *Stewart v. City of New York*, No. 06-CV-15490 (RMB) (FM), 2008 WL 1699797, at *7 (S.D.N.Y. Apr. 9, 2008). Moreover, plaintiff has not argued or provided evidence that the *Vaher* factors are satisfied. Considering the factors commonly weighed in deciding whether to grant a discretionary extension, I decline to extend plaintiff's time to serve NYPSC, Rhodes, and Auricchio.

## CONCLUSION

The claims against NYPSC, Rhodes, and Auricchio are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: July 13, 2022
      Brooklyn, New York